UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETRA TECH EC, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Case No. 20-cv-08100-JD <br><br> **ORDER RE DISMISSAL** |

Plaintiff Tetra Tech EC, Inc. (Tetra Tech) has asked for a declaration that "the Final Parcel G Removal Site Evaluation Work Plan for the Former Hunters Point Naval Shipyard in San Francisco, California (June 2019) (Final Parcel G Work Plan), prepared by the United States Department of the Navy and approved by the United States Environmental Protection Agency, is unlawful." Dkt. No. 48 at 1. Tetra Tech sued the Navy and its Secretary, and the Environmental Protection Agency and its Administrator, and alleges that those defendants have violated the Administrative Procedure Act (APA) in various ways in preparing the Final Parcel G Work Plan. *Id*. at 1-2 & ¶¶ 127-83.

The Court dismissed the complaint for lack of Article III standing. Dkt. No. 46 at 16:10-20:9. Tetra Tech filed a first amended complaint, Dkt. No. 48 (FAC), and defendants have again moved to dismiss. Dkt. No. 51. The parties' familiarity with the record is assumed, and the FAC is dismissed because it does not adequately allege Tetra Tech's standing as required by Article III.

**DISCUSSION**

To come within the Court's judicial power under Article III of the Constitution, the party invoking federal jurisdiction must sufficiently allege that she has suffered an "injury in fact," that the injury is "fairly traceable" to the challenged conduct of the defendant, and that the injury will

likely be "redressed" by a favorable decision.  *See Trump v. Twitter Inc.*, -- F. Supp. 3d --, 2022 WL 1443233, at *7 (N.D. Cal. 2022) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  For the injury in fact, the plaintiff must show that she suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560 (cleaned up).  Here, Tetra Tech acknowledges that it is alleging a "procedural injury" under the APA.  Dkt. No. 53 at 3.  "Whether substantive or procedural injury is alleged, a plaintiff must show a 'concrete interest' that is threatened by the challenged action.  That is, for Article III purposes, we may recognize a 'procedural injury' when a procedural requirement has not been met, so long as the plaintiff also asserts a 'concrete interest' that is threatened by the failure to comply with that requirement."  *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004).

Tetra Tech's FAC alleges four injuries or concrete interests as the bases of its claim to standing.  FAC ¶¶ 27-40; Dkt. No. 53 at 4.  None of them is persuasive.

### A.     Future Economic Injury

Tetra Tech says that it will "imminently suffer . . . direct economic injury due to the Final Parcel G Work Plan" because the Work Plan requires an unnecessarily costly rework of Parcel G (about $86 million more than the work Tetra Tech believes is needed), which "the United States has demanded TtEC pay."  FAC ¶¶ 30-34.  The basis of this "demand" allegation is that "[i]n an amended complaint filed against TtEC on July 15, 2019," the United States alleged False Claims Act (FCA) violations and breach of contract against Tetra Tech, claiming that the United States' "damages include the cost of re-testing TtEC's work at Hunters Point and the cost of agency coordination to effectuate the re-testing."  *Id.* ¶ 31 (citing *U.S. ex. rel. Jahr et al. v. Tetra Tech EC, Inc. et al.*, Case No. 13-cv-03835-JD (*Jahr*), Dkt. No. 82, United States' First Amended Complaint in Intervention at ¶¶ 91-92, 103).  In essence, Tetra Tech's concern is that it might lose in the *Jahr* action, and so it wants to use this action to keep the United States from running up a bill that Tetra Tech might eventually be ordered to pay in *Jahr*.

This approach to standing is misguided in a number of ways, the most obvious being that the hypothetical injury Tetra Tech describes is not "certainly impending."  *Clapper v. Amnesty*

2

*Int'l USA*, 568 U.S. 398, 402 (2013).  Whether this "economic injury" to Tetra Tech will ever come to pass is entirely unknown and unknowable at this time.  The *Jahr* case is a completely independent legal action still in an early stage, and "[i]t is just not possible for a litigant to prove in advance that the judicial system will lead to any particular result in his case."  *Whitmore v. Arkansas*, 495 U.S. 149, 159-60 (1990).  Tetra Tech's suggestion that a more relaxed "substantial risk" standard should apply, *see* Dkt. No. 53 at 4-7, founders on *Clapper*'s observation that, "to the extent that the 'substantial risk' standard is relevant and is distinct from the 'clearly impending' requirement, [plaintiffs] fall short of even that standard, in light of the attenuated chain of inferences necessary to find harm here."  *Clapper*, 568 U.S. at 414 n.5.  There is also an element of gamesmanship by Tetra Tech in professing injury here from a loss in *Jahr* while hotly contending in that case that it is not liable in any manner.

None of this will do for standing because "[a]llegations of possible future injury do not satisfy the requirements of Art. III."  *Whitmore*, 495 U.S. at 158.  This case is not like *Clinton v. City of New York*, 524 U.S. 417, 431 (1998), because there, it was "clear" that plaintiffs "will be assessed by the State for substantial portions of any recoupment payments that the State may have to make to the Federal Government" because of the President's challenged actions in that case.  Here, Tetra Tech says only that it is "reasonably probable" that the government's challenged actions will increase the cost of the rework at Hunters Point, FAC ¶ 34, and not that it is likely that Tetra Tech will be found liable in the *Jahr* FCA action and ordered to pay to the United States the cost of the rework.

So too for Tetra Tech's reliance on *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), and similar cases.  MedImmune was found to have standing to seek a declaratory judgment that a patent was invalid, even as it continued to make royalty payments as demanded under a license agreement with Genentech for that allegedly invalid patent.  MedImmune's continued payment of the royalties under protest "did not preclude subject-matter jurisdiction because the threat-eliminating behavior was effectively coerced."  *MedImmune*, 549 U.S. at 129.  No good analogy can be made to the circumstances here.  There is not a dispute between Tetra Tech and the United States about the Parcel G Work Plan which Tetra Tech is in any way being

3

"coerced" by the United States to keep from actualizing. The allegedly faulty Work Plan and its associated costs simply have nothing to do with Tetra Tech unless and until Tetra Tech is found liable on the United States' FCA claims. That intervening issue of Tetra Tech's FCA liability is a wholly separate matter (and indeed, lawsuit), and how that issue will be resolved simply cannot be known at this time.

### B. Past Economic Injury Because of Draft Parcel G Work Plans Review

Tetra Tech says that it has "suffered past direct economic injury due to defendants' violations of applicable law because TtEC spent time and resources reviewing and commenting on the Draft Parcel G Work Plan (June 2018) and the Draft Final Parcel G Work Plan (November 2018), both of which violated applicable law." FAC ¶ 28. Even so, these "self-inflicted injuries" are not fairly traceable to the government's purported APA violations. *Clapper*, 568 U.S. at 418. To establish a "cognizable injury in fact" for procedural injuries, a plaintiff must allege that "(1) the agency violated certain procedural rules; (2) these rules protect a plaintiff's concrete interests; and (3) it is reasonably probable that the challenged action will threaten their concrete interests." *City of Sausalito*, 386 F.3d at 1197 (quotations omitted and cleaned up). To conclude, as Tetra Tech urges, that merely reviewing and commenting on proposed agency actions is a sufficient injury would sap these well-established requirements of all meaning.

### C. Past Economic Injury Because of Navy's Decision Not to Renew Tetra Tech's Contract

Tetra Tech says that it "suffered additional past direct economic injury due to defendants' violations of applicable law because, while the Final Parcel G Work Plan was under development in or about March 2018, the Navy declined to renew TtEC's radiological contract at Hunters Point, in a reversal from the Navy's previous notice in February 2018 that it would renew the contract. On information and belief, the Navy's change in position with respect to renewing TtEC's radiological contract was due to the flawed Parcel G Work Plan then under development." FAC ¶ 29. This allegation of injury is wholly conclusory and lacks plausibility. *See In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).

### D. Harm to Tetra Tech's Interest as Remediation Contractor in Efficient Clean-Up of Hunters Point and Protection of Public Health and Environment

Tetra Tech says that it "has an interest as a remediation contractor in the efficient and cost-effective cleanup of Hunters Point and the protection of public health and the environment." FAC ¶ 40. This is far too general a concern to demonstrate standing. *See Lujan*, 504 U.S. at 563-64 ("injury in fact" test requires more than an injury to a cognizable interest, "[i]t requires that the party seeking review be himself among the injured"; plaintiff must be "'directly' affected apart from their 'special interest' in the subject") (quotations omitted and cleaned up); *see also Whitmore*, 495 U.S. at 160 ("generalized interest of all citizens in constitutional governance" not enough; "an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court") (quotations omitted).

## CONCLUSION

Consequently, Tetra Tech has failed to demonstrate Article III standing. The Court need not take up defendants' other arguments for dismissal. Dkt. No. 51. Tetra Tech's first amended complaint is dismissed under Federal Rule of Civil Procedure 12(b)(1). Tetra Tech made a passing request for another opportunity to amend, Dkt. No. 53 at 20, but does not say what, if anything, it might add on standing. The Court finds that further amendment is unlikely to be fruitful, and consequently denies leave to amend. *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). The dismissal for lack of standing is without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). Judgment will be entered and the case closed.

**IT IS SO ORDERED.**

Dated: September 21, 2022

JAMES DONATO
United States District Judge